**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| vs. | ) | No.  3:02-CR-0404-D |
| | ) | No.  3:04-CV-2553-D |
| **RAMON CASTRO-LEON** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the United States District Court for the Northern District of Texas, this case has been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**

Ramon Castro-Leon ("Movant"), a federal prisoner incarcerated in a federal prison in Ray Brook, New York, seeks to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. Respondent is the United States of America.

**Statement of the Case**

On March 4, 2003, Movant was charged in a one-count indictment with illegal re-entry after deportation, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). On July 28, 2003, a jury found him guilty. On October 24, 2003, the trial court sentenced him to seventy-one months of imprisonment and a three-year term of supervised release. His appeal was dismissed as frivolous on June 7, 2004. His § 2255 motion was filed on November 29, 2004.

**Movant's Claims**

Movant alleges the following grounds for relief:

1. The evidence was insufficient to support his conviction;

2. The sentence was imposed outside of the applicable sentencing guideline range;

3. Movant's direct appeal should not have been dismissed as frivolous; and

4. Counsel provided constitutionally ineffective assistance.

Movant originally alleged that his sentence violated the United States Supreme Court's holding in *Blakely v. Washington*, 524 U.S. 296 (2004). However, he withdrew that issue. (Movant's Traverse at 1.)

**Scope of Review**

The scope of post-conviction relief pursuant to 28 U.S.C. § 2255 is limited. Issues that have been raised and decided on appeal are not considered in § 2255 motions. *Spears v. McCotter*, 766 F.2d 179, 181 (5th Cir. 1985); *United States v. Jones*, 614 F.2d 80, 82 (5th Cir. 1980). The statute affords judicial review only for constitutional errors and other issues that (1) could not have been raised on direct appeal and (2) will result in a miscarriage of justice if left unaddressed. *See United States v. Faubion,* 19 F.3d 226, 233 (5th Cir. 1994). Before a petitioner may raise an issue for the first time in a § 2255 proceeding, he must show "cause" for his procedural default in failing to raise the issue on appeal and "actual prejudice" resulting from the error. *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991); *United States v. Frady*, 456 U.S. 152, 168 (1982). This high hurdle ensures that final judgments command respect and that their binding effect is not disturbed by an endless series of post-conviction collateral attacks. *Frady*, 456 U.S. at 165. "Cause" for failing to raise a claim in a previous challenge to a conviction's legality has been defined as the presence of

2

a factor external to the defense, such as the unavailability of its factual or legal basis to the movant at the time of the earlier proceeding or governmental interference. *McQueen v. Whitley*, 989 F.2d 184, 185 (5th Cir. 1993); *Saahir v. Collins*, 956 F.2d 115, 118 (5th Cir. 1992). If the petitioner fails to show cause, a court need not consider whether actual prejudice exists. *McCleskey v. Zant*, 499 U.S. 467, 501 (1991). A claim of ineffective assistance of counsel constitutes an independent basis for post-conviction relief. *See United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir. 1992); *see also Shaid*, 937 F.2d at 232.

## Analysis

<u>Insufficient Evidence, Sentence Enhancement, and the Appeal's Dismissal</u>

Respondent contends that Movant's first three claims are not cognizable on collateral review because he procedurally defaulted them. (Resp. at 2.) Movant responds that he has overcome the procedural default because he has shown a fundamental defect which results in a complete miscarriage of justice. (Traverse at 2.) He argues that he did not have the necessary *mens rea* for a crime of violence. (*Id*.) Therefore, he contends the evidence was insufficient, and the Appeal was not frivolous. (*Id*.) Movant relies upon a recent United States Supreme Court decision, *Leocal v. Ashcroft*, 543 U.S. 1, 125 S. Ct. 377, 383-84 (2004)(holding an alien's conviction for driving under the influence of alcohol (DUI) and causing serious bodily injury in an accident, in violation of Florida law, was not a "crime of violence" and thus was not an "aggravated felony" warranting deportation under the Immigration and Naturalization Act ("INA")). Leocal is not applicable here; Movant was not convicted of DUI. Additionally, Movant cites *United States v. Vargas-Duran*, 356 F.3d 598 (5th Cir. 2004) (en banc) for the propositions that the crime of criminally negligent homicide under Texas law is not a crime of violence under the USSG. Similarly, he cites *United*

3

*States v. Dominguez-Ochoa*, 386 F.3d 639 (5th Cir. 2004) for the proposition that criminally negligent homicide under Texas law was not equivalent to the manslaughter enumerated in the United States Sentencing Guidelines ("USSG") and, therefore, was not a "crime of violence" warranting enhancement under the USSG. Movant argues that "Involuntary Manslaughter" with a motor vehicle is not a "crime of violence" within the enhancement provisions of the USSG. The cases Movant relies upon are distinguishable. In each of those cases, the offense in question was not specifically listed in the Guideline, and the courts had to look to the elements of the crime under state law to determine whether the offense was a crime of violence. On the other hand, Movant's offense is listed in the 2002 USSG as a crime of violence.

> Movant's PSR states at ¶ 19:
>
> Specific Offense Characteristic: The defendant was previously deported for an offense which was a crime of violence, Involuntary Manslaughter With a Motor Vehicle, Case No. CR-1283-96-B. Therefore, 16 levels are added. USSG § 2L1.1(b)(1)(A)(ii).

Interpretation of a USSG is subject to ordinary rules of statutory construction, and if the guideline's language is unambiguous, the Court's inquiry begins and ends with an analysis of the plain meaning of that language. *See United States v. Carbajal,* 290 F.3d 277, 283 (5th Cir. 2002). The only exception to this rule is when a clear legislative intent to the contrary is shown, an exception that applies only in "rare and exceptional circumstances." *See Ardestani v. I.N.S.*, 502 U.S. 129, 134-36 (1991).

Movant met the criteria for a sixteen-level enhancement under the 2002 USSG, which specifically provide that "manslaughter" is a "crime of violence." The terms of USSG § 2L1.2(b)(1)(A)(iii) define "crime of violence" as follows:

>   (iii) "Crime of violence" means any of the following: murder, **manslaughter**, kidnapping, aggravated assault, forcible sex offenses, statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.

USSG, § 2L1.2(b)(1)(A)(iii) [emphasis supplied]. Offenses that are listed in the USSG are eligible as enhancement offenses without regard to elements under various state laws. *United States v. Rayo-Valdez*, 302 F.3d 314, 316 (5th Cir. 2002). "Manslaughter" is a listed offense. USSG, § 2L1.2(b)(1)(A)(iii). Movant's argument that his offense is not a listed offense because he was convicted of "Involuntary Manslaughter" fails. *United States v. Fry*, 51 F.3d 543, 546 (5th Cir. 1995). Movant has not provided the Court with any clear legislative intent to the contrary. Therefore, the Court need not look beyond the literal meaning of the USSG. The evidence was sufficient; the trial court did not err in applying the enhancement; and the appeal was properly dismissed as frivolous. A miscarriage of justice did not occur, and therefore, Movant failed to overcome his procedural default of the first three claims.

### Ineffective Assistance of Counsel

Movant claims that both trial and appellate counsel provided constitutionally ineffective assistance. He asserts the trial counsel failed to object to the sixteen-level enhancement of his base offense level, and he claims that appellate counsel failed to raise the issue on appeal. Appellate counsel filed an *Anders*[1] brief, arguing that, after a thorough review of all the case law, there was no genuine issue to raise on appeal. The Fifth Circuit Court of Appeals dismissed the appeal as frivolous.

---

[1] *Anders v. California,* 386 U.S. 738 (1967).

The Sixth Amendment to the United States Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. U.S. CONST., art. VI. To merit relief pursuant to § 2255 on a claim of ineffective assistance of counsel, a movant must demonstrate that his trial counsel's performance fell below an objective standard of reasonableness and that this deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 691 (1984). In assessing whether a particular counsel's performance was constitutionally deficient, courts indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance. *Strickland*, 466 U.S. at 689. A movant's failure to establish either prong of the *Strickland* test requires the court to find that counsel's performance was not constitutionally ineffective; hence courts are free to review ineffective assistance claims in any order and need not address both the "deficient" and "prejudice" prong if one component is found lacking. *Strickland*, 466 U.S. at 697. The prejudice prong of the *Strickland* test requires the petitioner to show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland*, 466 U.S. at 694. A petitioner claiming ineffective assistance must prove that the challenged conduct of his counsel rendered the proceeding fundamentally unfair or unreliable. *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993) (citing *Strickland*, 466 U.S. at 687). Courts are required to consider the totality of the evidence in assessing whether the result would likely have been different absent the alleged errors of counsel. *Strickland*, 466 U.S. at 695.

Vague and conclusory allegations do not justify habeas relief. *See United States v. Cockrell*, 720 F.2d 1423, 1427 (5th Cir. 1983), *cert denied*, 467 U.S. 1251 (1984); *United States*

*v. Jones*, 614 F.2d 80, 82 (5th Cir. 1980).  A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.  The defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.  *Strickland*, 466 U.S. 689; *Michel v. Louisiana*, 350 U.S. 91, 101 (1956).

Movant claims that his trial counsel's failure to object to the sixteen-level enhancement of his base level offense constituted ineffective assistance.  However, counsel's failure to raise a meritless objection is not ineffectiveness of counsel.  *See Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994).  Clearly, as the Court has found previously, the District Court did not err by applying the enhancement provision under USSG § 2L1.2(b)(1)(A).  Movant has failed to show deficient performance by his trial counsel because, even if counsel had objected, the trial court would have overruled the objection.  To show prejudice, a movant must show that there was a reasonable probability that, but for counsel's action, he would have received a lower sentence.  *United States v. Grammas*, 376 F.3d 433, 436 (5th Cir. 2004).  Movant has not shown such prejudice.

Finally, Movant claims that his attorney failed to file a brief raising on appeal the unconstitutionality of the enhancement.  In *Anders v. California,* the Supreme Court recognized that counsel could withdraw from representation without denying an appellant fair representation only where certain safeguards were followed.  *Anders,* 386 U.S. at 744.  Specifically, under *Anders,* counsel must conduct a "conscientious examination" of the case before seeking permission to withdraw from a case.  *Id.*  That request must be accompanied by a brief to the appellate court "referring to anything in the record that might arguably support the appeal." *Id.*

The appellate court must then conduct a "full examination of all the proceeding[s] to decide whether the case is wholly frivolous." *Id.*

Movant has not shown that either his appellate counsel or the appellate court failed to follow the proper *Anders* procedure in this case. The appellate court notified Movant of counsel's motion for leave to withdraw and the *Anders* brief and provided Movant a reasonable opportunity to file his own comments and raise any additional points that he chose. *United States v. Castro-Leon*, No. 03-11118 (5th Cir. June 7, 2004) (unpublished). Movant did not file a response. *Id*. The appellate court's independent review of the brief and the record disclosed no nonfrivolous issues for appeal. *Id*. at 2. In his § 2255 motion, Movant failed to demonstrate any nonfrivolous issues for appeal. An ineffective appellate-assistance claim is governed by the same standard announced in *Strickland*. *United States v. Merida*, 985 F.2d 198, 201 (5th Cir. 1993). Movant failed to show deficient performance by his appellate counsel and prejudice. His claim of ineffective assistance of counsel on appeal should be denied.

## **RECOMMENDATION**

This Court hereby recommends that Movant's motion to vacate, set aside, or modify his conviction and sentence pursuant to 28 U.S.C. § 2255 be denied.

Signed this 18th day of October, 2005.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

8

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on the parties.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE